UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANGEL M. HANBERRY                                    CIVIL ACTION

VERSUS                                               NO. 21-397

CHRYSLER CAPITAL                                     SECTION M (2)

### ORDER & REASONS

Before the Court is a motion by defendant Santander Consumer USA Inc. d/b/a Chrysler Capital, erroneously named as Chrysler Capital ("Chrysler Capital"), to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, or alternatively, for a more definite statement pursuant to Rule 12(e).[1] Plaintiff Angel M. Hanberry[2] did not file an opposition.[3] Having considered the Chrysler Capital's memorandum, the record, and the applicable law, the Court grants Chrysler Capital's motion and dismisses Hanberry's complaint with prejudice.

### I.   BACKGROUND & PROCEDURAL HISTORY

This action concerns allegations of improper credit reporting. Hanberry had an automobile loan through Chrysler Capital.[4] She alleges that Chrysler Capital violated § 623 of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2, by reporting to unspecified credit reporting agencies inaccurate and incomplete information regarding her account.[5] Further, she

---

[1] R. Doc. 12.
[2] Hanberry is proceeding *pro se*. Although the Court construes *pro se* filing liberally, *pro se* parties are still required to "abide by the rules that govern the federal courts." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014).
[3] Chrysler Capital's motion was set for submission on April 22, 2021. Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, which in this case was April 14, 2021.
[4] R. Doc. 1-1 at 1.
[5] R. Doc. 1 at 2.

alleges that she sent a letter to Chrysler Capital requesting a reinvestigation of her account.[6] Hanberry seeks an order requiring the deletion of the Chrysler Capital account from her credit reports and "civil penalties" for Chrysler Capital's alleged violations of § 1681s-2.[7]

This action is Hanberry's second attempt to get the Court to order this relief against Chrysler Capital. On January 23, 2020, Hanberry filed in this Court a lawsuit styled *Hanberry v. Chrysler Capital*, Civil Action No. 20-246 (*Hanberry I*), alleging the same facts and causes of action as in this suit.[8] Specifically, in her original complaint in *Hanberry I*, she alleged that Chrysler Capital violated § 1681s-2(a) by reporting to unspecified credit reporting agencies inaccurate and incomplete information regarding her account, and also that she sent a letter to Chrysler Capital requesting a reinvestigation of her account.[9] Chrysler Capital filed a Rule 12(b)(6) motion to dismiss the original complaint in *Hanberry I*, arguing that there is no private right of action under § 1681s-2(a) and that Hanberry failed to state a claim under § 1681s-2(b) because she did not allege that a credit reporting agency notified Chrysler Capital of the alleged dispute.[10] This Court granted Chrysler Capital's motion, holding that there is no private right of action under § 1681s-2(a), and allowing Hanberry an opportunity to file an amended complaint to properly allege a claim under § 1681s-2(b), to the extent possible under applicable law.[11]

In response, Hanberry filed an amended complaint, but in it she did not allege, or attach evidence, that Chrysler Capital received notice of a dispute from a consumer credit reporting agency so as to state a claim under § 1681s-2(b).[12] As a result, the Court issued a show-cause

---

[6] *Id.*
[7] *Id.* at 3.
[8] *Hanberry I*, R. Doc. 1 at 2-3.
[9] *Id.* at 7.
[10] *Hanberry I*, R. Docs. 9; 13.
[11] *Hanberry I*, R. Doc. 14.
[12] *Hanberry I*, R. Doc. 17.

order giving Hanberry another 14 days to file a proper amended complaint.[13] Hanberry responded to the show-cause order with a memorandum, rather than a proper amended complaint.[14] The Court noted that, in the memorandum, Hanberry attempted to explain why she believed that credit reporting agencies had notified Chrysler Capital of her dispute, which explanation was not included in the first amended complaint.[15] The Court further noted that the first amended complaint did not state a claim under § 1681s-2(b), and it ordered Hanberry to file within 14 days a second amended complaint that included as allegations the statements made in her response to the show-cause order.[16] The Court warned Hanberry that failure to file such an amended complaint would result in dismissal of this action without prejudice.[17] The Court said that Chrysler Capital would be able to file a motion to dismiss Hanberry's second amended complaint if she still did not adequately state a claim under § 1681s-2(b).[18] Hanberry then filed a document titled "Order and Reasons Allowing Plaintiff to File a Second Amended Complaint."[19]

Chrysler Capital moved to dismiss the "second amended complaint," arguing that it was in an improper form and failed to state a claim under § 1681s-2(b) because there was no evidence that Chrysler Capital received notice of Hanberry's dispute from a credit reporting agency.[20] Pretermitting whether Hanberry's *pro se* second amended complaint was in a proper form, the Court held that the complaint must be dismissed because Hanberry still did not properly allege a claim under § 1681s-2(b) after being given multiple opportunities to remedy her pleading deficiencies.[21]

---

[13] *Hanberry I*, R. Doc. 21.
[14] *Hanberry I*, R. Doc. 22.
[15] *Hanberry I*, R. Doc. 23.
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Hanberry I*, R. Doc. 24.
[20] *Hanberry I*, R. Docs. 29; 33.
[21] *Hanberry I*, R. Doc. 34.

## II.     PENDING MOTION

Chrysler Capital argues that Hanberry's new suit should be dismissed with prejudice because she simply reasserts the same failed claims she raised in *Hanberry I*.[22] Chrysler Capital again argues that there is no private right of action under § 1681s-2(a).[23] Further, Chrysler Capital argues that Hanberry also fails to state a claim under § 1681s-2(b) because she does not allege essential factual elements of such a claim, including the credit reporting agency to which Hanberry says she submitted alleged disputes, when she did so, that a specified credit reporting agency notified Chrysler Capital of the alleged disputes, and how Chrysler Capital failed to undertake a reasonable investigation of any alleged inaccuracies in its reporting or failed to notify any such credit reporting agency of the results of any investigation.[24]

## III.    LAW & ANALYSIS

### A. Rule 12(b)(6) Standard

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The statement of the claim must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A pleading does not comply with Rule 8 if it offers "labels and conclusions," "a formulaic recitation of the

---

[22] R. Doc. 12-1.
[23] *Id.* at 7-9.
[24] *Id.* at 10-11. Chrysler Capital also argues that the complaint should be dismissed because it "is disorganized, replete with extraneous and nonsensical assertions, and deficient under the Federal Rules of Civil Procedure." *Id.* at 5-7. The Court need not address this ground for dismissal.

4

elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (alteration omitted).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on the face of the complaint "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Plausibility does not equate to probability, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Thus, if the facts pleaded in the complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration omitted).

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court employs the two-pronged approach utilized in *Twombly*. The court "can choose to begin by identifying pleadings that, because they are no more than conclusions [unsupported by factual allegations], are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "[The] task, then, is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to

evaluate the plaintiff's likelihood of success." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (quoting *Doe ex rel. Magee v. Covington Cty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012)). Motions to dismiss are disfavored and rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

A court's review of a Rule 12(b)(6) motion to dismiss "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)). A court may also take judicial notice of certain matters, including public records and government websites. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008); *see also Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005). Thus, in weighing a Rule 12(b)(6) motion, district courts primarily look to the allegations found in the complaint, but courts may also consider "documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

B. **The FCRA**

The FCRA regulates the consumer credit reporting industry. 15 U.S.C. §§ 1681, *et seq*. Under the FCRA, furnishers of credit information must provide accurate information on consumers to credit reporting agencies (15 U.S.C. § 1681s-2(a)), and they must fulfill certain duties upon being notified by a credit reporting agency of a dispute (15 U.S.C. § 1681s-2(b)).

The Federal Trade Commission ("FTC"), or other authorized governmental agency, has the sole power to enforce § 1681s-2(a); thus, there is no private right of action under that statute. *Brumberger v. Sallie Mae Servicing Corp.*, 2003 WL 1733548, at *5 (E.D. La. Mar. 28, 2003); *see also Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 268 (5th Cir. 2000) (holding that Congress vested the power to obtain injunctive relief solely with the FTC); 15 U.S.C. § 1681s-2(d).

Just as in *Hanberry I*, Hanberry's complaint here states that she is bringing claims for Chrysler Capital's alleged violations of § 1681s-2. Because § 1681s-2(a) does not provide for a private right of action, Hanberry has failed to state a claim upon which relief can be granted, and she cannot do so as a matter of law. Thus, this claim is dismissed with prejudice.

Further, Hanberry has not alleged a claim under § 1681s-2(b). Such claims "require proof that a consumer reporting agency ... had notified [the defendant]" of a dispute. *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639-40 (5th Cir. 2002) (holding that plaintiff's claims fail as a matter of law without evidence that defendant received notice of a dispute from a consumer reporting agency); *Burress v. Chase Card*, 2020 WL 1216703, at *2 (N.D. Tex. Feb. 18, 2020) (same). Hanberry asserts that she notified the credit reporting agencies of a dispute and then also notified Chrysler Capital herself. There is no allegation, much less proof, that Chrysler Capital received notice of a dispute from a consumer credit reporting agency. Thus, Hanberry has not stated a claim under § 1681s-2(b). In *Hanberry I*, this Court gave Hanberry two chances to file amended complaints curing the deficiencies in the pleading of her § 1681s-2(b) claim. She failed there and has failed again in this renewed (fourth) attempt to assert such a claim. Because Hanberry has been given sufficient opportunity to allege this cause of action, it, too, is dismissed with prejudice.

## IV.  CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Chrysler Capital's motion to dismiss (R. Doc. 12) is GRANTED, and the claims raised in Hanberry's complaint are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 22nd day of April, 2021.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE